IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TYRONE JAVON BEST WILSON, #23727
a.k.a. AI CAPONE                                                                                    PLAINTIFF

VERSUS                                                        CIVIL ACTION NO.   3:10-cv-191-WHB-LRA

STATE OF MISSISSIPPI [JUDICIAL HOUSE]                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Tyrone Javon Best Wilson, an inmate currently confined in Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 on April 6, 2010. The named defendant is the State of Mississippi [Judicial House]. The plaintiff requested as relief that he be released immediately.

Background

The plaintiff complains that his right to a speedy trial was violated. Therefore, his subsequent conviction was unconstitutional. He also asserts that he received death threats from some of the officers.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding in forma pauperis in this court. One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section

1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Denton v. Hernandez, 504 U.S. 25, 32 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235 (1991). See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted the plaintiff to proceed in forma pauperis in this action, thus his complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2).

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal
>        (i)     is frivolous or malicious;
>        (ii)    fails to state a claim on which relief may be granted; or
>        (iii)   seeks monetary relief against a defendant who is immune from such relief.

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If the plaintiff proves that his right to a speedy trial was violated and this court grants the requested relief, it could result in the plaintiff receiving an early release from custody. With this in mind, this court has determined that the plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). The plaintiff fails to establish that he has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

Finally, the plaintiff claims that he has received death threats. This court finds that such a claim does not rise to a level of constitutional deprivation. Regardless of how antagonistic or threatening certain words may appear, it is clear that mere words do not state a claim of constitutional deprivation cognizable under 42 U.S.C. § 1983. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). Consequently, the plaintiff cannot maintain that claim pursuant to 42 U.S.C. § 1983.

Conclusion

As discussed above, the plaintiff's claim relating to his constitutional right to a speedy trial is habeas in nature which is not properly pursued under 42 U.S.C. § 1983 and will be dismissed for failure to state a claim. Additionally, the plaintiff's claim that he has been threaten does not rise to the level of constitutional deprivation and is frivolous[2]. Consequently, plaintiff's cause of action will be dismissed with prejudice. Accordingly, it is

ORDERED:

1. That the instant civil action filed pursuant to 42 U.S.C. § 1983 will be dismissed with prejudice. A final judgment in accordance with this memorandum opinion and order will be entered.

2. That the clerk is directed to mail to the plaintiff at his last known address a petition for habeas relief pursuant to 28 U.S.C. § 2254 form as well as an application to proceed in forma pauperis for him to complete and submit for filing if he wishes to pursue a request for habeas relief.

SO ORDERED AND ADJUDGED, this the 2nd day of June, 2010.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).